IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEON CROWELL, et al.,            *

                                 *

Plaintiffs,                      *      Civil Action No. RDB-17-2946

                                 *

v.                               *

                                 *

ANNE ARUNDEL COUNTY
POLICE DEPARTMENT, et al.,       *

Defendants.                      *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Currently pending before this Court is Defendants Anne Arundel County Police Department, Anne Arundel County, Maryland ("the County"), Officer Angela Thomas, and Officer William Selander's Motion to Dismiss *pro se* Plaintiffs Keon Crowell and Tina Crenshaw's Amended Complaint.[1] (ECF No. 13.) The submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Dismiss (ECF No. 13) is GRANTED.[2]

## **BACKGROUND**

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia*

---

[1] Plaintiffs added Anne Arundel County, Maryland as a Defendant in the Amended Complaint. While the record shows that Plaintiffs never effectuated service of process on this Defendant, counsel entered his appearance for the County and filed the pending Motion to Dismiss on its behalf. Accordingly, by failing to address insufficient service of process in the Motion to Dismiss, the County has waived this defense. Fed. R. Civ. P. 12.

[2] The Amended Complaint also sought to add KFC as a defendant. However, Plaintiffs never effectuated service of process on KFC, nor is there any indication that KFC has ever been on notice of this litigation. Accordingly, KFC is DISMISSED as a party in this proceeding.

1

*Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Further, as *pro se* Plaintiffs, this Court has "liberally construed" the pleadings and held them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 Fed. App'x 141 (4th Cir. Oct. 5, 2017).

On October 5, 2017, Plaintiff Keon Crowell filed a Complaint on behalf of himself and the other Plaintiff in this case, Plaintiff Tina Crenshaw. (ECF No. 1.) The Complaint contained two allegations relating to an incident that occurred two years prior on October 4, 2015. Specifically, it is alleged that Plaintiff Crowell was falsely arrested by Officer Selander and Officer Thomas was negligent in her duties as to Plaintiff Crenshaw. (*Id.*) On October 16, 2017, this Court entered an Order dismissing two of the defendants named in the Complaint[3] and directing that, if Tina Crenshaw wished to enter this case as a Plaintiff, she sign a copy of the Complaint and return it within twenty-one days. (ECF No. 3.) Thereafter, Plaintiff Crenshaw filed a supplemental complaint with her signature. (ECF No. 5.)

Two weeks later, the remaining Defendants filed a Motion to Dismiss. (ECF No. 9.) In response, Plaintiffs filed an Amended Complaint. (ECF No. 12.) The Amended Complaint, however, does not contain any additional allegations and asserts the same claims as the Original Complaint: violations of Plaintiffs' First, Fourth, and Fourteenth Amendment rights (Counts I-III), false arrest (Count IV), malicious prosecution (Count V),

---

[3] Specifically, Plaintiff Crowell had named the State of Maryland and Nancy Duden, Anne Arundel County Attorney, as defendants. As this Court explained in its Order, the State of Maryland is entitled to sovereign immunity in this case and Plaintiffs had not provided any facts on which Duden may have been liable for Plaintiff's arrest. (ECF No. 3.)

2

defamation (Count VI), and police misconduct (Count VII).[4] (ECF No. 12.) On December 13, 2017, Defendants filed the pending Motion to Dismiss the Amended Complaint. (ECF No. 13.) Despite notice from this Court to both Plaintiffs, ECF Nos. 14, 16, Plaintiffs did not file a response.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765

---

[4] As discussed *supra* notes 1-2, however, the Amended Complaint named Anne Arundel County, Maryland and KFC as defendants for the first time.

(4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012). A *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 Fed. App'x 141 (4th Cir. Oct. 5, 2017). However, even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

### I. Claims against Anne Arundel County Police Department

Defendants argue that Plaintiffs' claims cannot proceed against the Anne Arundel County Police Department because it is not a legal entity that can be sued. Under Federal Rule of Civil Procedure 17(b)(3), whether an entity can sue or be sued is question of state law where the court sits. Fed. R. Civ. P. 17(b)(3). "Under Maryland law, it is well-established that county police departments are agents of the county and not treated as separate legal entities." *Garnes v. Maryland*, No. RDB-17-1430, 2018 WL 276425, at *4 (D. Md. Jan. 3, 2018); *Taylor v. Leggett*, No. PX-16-115, 2017 WL 1001281, at *2 (D. Md. Mar. 25, 2017). Accordingly, the Anne Arundel County Police Department is not a separate legal entity and Defendants' Motion is GRANTED as to Defendant Anne Arundel County Police

4

Department, which is DISMISSED WITH PREJUDICE as a party in this proceeding.

## II. Claims against Anne Arundel County, Maryland

### a. Constitutional claims (Counts I-III)

Defendants argue that Plaintiffs have failed to state any claims against the County for violations of their First, Fourth, or Fourteenth Amendment rights. Construing Plaintiffs' Amended Complaint liberally, they have brought these constitutional claims under 42 U.S.C. § 1983. Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a § 1983 cause of action may lie against a local government or municipality when execution of the government's unconstitutional policy or custom causes a plaintiff injury. *Walker v. Prince George's Cty., Md.*, 575 F.3d 426, 431 (4th Cir. 2009) (stating that the liability of the municipality only arises where the employees' unconstitutional actions are taken in furtherance of a municipal policy or custom). In order to support a *Monell* claim, "(1) the municipality must have actual or constructive knowledge of the custom and usage by its responsible policymakers, and (2) there must be a failure by those policymakers, as a matter of specific intent or deliberate indifference, to correct or terminate the improper custom and usage." *Randall v. Prince George's County*, 302 F.3d 188, 210 (4th Cir. 2002) (internal quotation marks omitted). Moreover, there must be a "direct causal link" between the policy or custom and the deprivation of rights. *See Bd. Of the Cnty. Comm'rs v. Brown*, 520 U.S. 397 (holding that there must be a "direct causal link between the municipal action and the deprivation of federal rights before a municipality may be held liable" under 42 U.S.C. § 1983); see also *S.P. v. City of Takoma Park*, 134 F.3d 260, 272 (4th Cir. 1998) (holding that a plaintiff must show a direct causal link between the municipal action and the deprivation of federal rights).

5

The Amended Complaint contains no allegations suggesting that Anne Arundel County has an unconstitutional policy or custom that caused the Plaintiffs alleged injuries. Even if this Court were to consider the factual allegations found in Plaintiffs' Response to the Motion to Dismiss the Original Complaint,[5] Plaintiffs only detail the day of their arrests and still fall short of demonstrating the "numerous particular instances of unconstitutional conduct" necessary to establish a municipality's custom or practice. *Smith v. Ray*, 409 Fed. App'x. 641, 651 (4th Cir. 2011). Further, even if the Plaintiffs' allegations did support an inference that an unconstitutional policy or custom existed, they have not alleged any facts that policymakers in the County were aware of such a custom or policy or failed to correct or terminate the same. Accordingly, Plaintiffs have failed to state a claim against Anne Arundel County, Maryland for violations of their First, Fourth, or Fourteenth Amendment rights.

### b. State law claims (Counts IV-VII)

Defendants also argue that Anne Arundel County is immune from Plaintiffs' state law claims because they relate to the operations of the County's police department. Anne Arundel County is a county and political subdivision of the State of Maryland. Md. Ann. Code art. 25A § 1 (2009). Under Maryland law, a local government is immune from direct tort actions related to its "governmental" functions. *Douglas v. Target Corp.*, No. RWT-08-2408, 2009 WL 2168920, at *2 (D. Md. July 16, 2009) (citing *Buffington v. Baltimore County, Md.*, 913 F.2d 113, 125 (4th Cir. 1990); *DiPino v. Davis*, 354 Md. 18, 729 A.2d 354 (Md.

---

[5] Generally, a court's consideration of a motion to dismiss is limited to the facts alleged in the operative pleadings and courts "may not consider any documents that are outside of the complaint, or not expressly incorporated therein." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013); *see also Wagner v. Iames*, No. ELH-16-98, 2017 WL 772230, at *16 (D. Md. Feb. 27, 2017).

1999)). While the distinction between "governmental" functions and "proprietary" functions is not always clear, the Maryland Court of Appeals has definitively stated that activities taken by a police officer to enforce a state's criminal law "is quintessentially governmental in nature." *DiPino v. Davis*, 354 Md. 18, 48, 729 A.2d 354, 370 (Md. 1999); *Watson v. City of Aberdeen*, No. JKB-15-0307, 2015 WL 2174885 (D. Md. May 8, 2015) ("It is settled in Maryland that municipalities are not liable for the acts or omissions of police officers because the officers are performing duties of a public, essential governmental nature . . . [and t]hus the City will be dismissed from all state nonconstitutional claims.") Accordingly, local governments are immune from tort suits arising from police activities. *Douglas*, 2009 WL 2168920, at *2.

The only allegations contained in the Amended Complaint are that Plaintiff Crowell was falsely arrested by Officer Selander for disorderly conduct and Officer Thomas was negligent in her duty to Plaintiff Crenshaw on October 4, 2015.[6] Therefore, Plaintiffs claims stem from actions the Officers took in their capacities as police officers, and Anne Arundel County, Maryland is immune from Plaintiffs' state law claims. Accordingly, Defendants' Motion is GRANTED as to Defendant Anne Arundel County, Maryland, which is DISMISSED WITH PREJUDICE as a party in this proceeding.

### III. Claims against Officers Selander and Thomas

Plaintiffs have failed to state any cognizable claim against Officers Thomas and Selander. There are merely two conclusory allegations that Officer Selander falsely arrested

---

[6]Maryland's electronic docket does indicate that on the date in question, Crowell was arrested for disorderly conduct and Crenshaw was arrested for second degree assault. *See* http://casesearch.courts.state.md.us/case search/inquiryDetail.jis?caseId=D07CR15000657&loc=28&detailLoc=ODYCRIM; http://casesearch.courts. state.md.us/casesearch/inquiryDetail.jis?caseId=D07CR15000656&loc_=28& detailLoc =ODYCRIM. On April 6, 2016, both charges were *nolle prossed.*

7

Plaintiff Crowell and Officer Thomas was negligent in her duties as to Plaintiff Crenshaw. As noted above, a Plaintiff cannot rely on bald allegations. *Twombly*, 550 U.S. at 555. Plaintiffs have failed to plead facts that, taken as true, show they are entitled to relief under their various claims for constitutional violations, false arrest, malicious prosecution, defamation, or police misconduct. Further, as to the state law claims, the Officers are protected by public official immunity given that Plaintiffs have not pled that the officers acted with malice. *See Baltimore Police Dept. v. Cherkes*, 140 Md. App. 282, 329-30, 780 A.2d 410 (Md. Ct. Spec. App. 2001) (explaining that a public official is shielded by public official immunity for discretionary acts taken within the scope of his or her official duties unless a plaintiff's allegations support an inference of malice). Accordingly, Defendants' Motion is GRANTED as to the Defendants Thomas and Selander, who are DISMISSED WITHOUT PREJUDICE as parties in this case.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 13) is GRANTED.[7] Specifically Defendants Anne Arundel County Police Department and Anne Arundel County, Maryland are DISMISSED WITH PREJUDICE and Defendants Thomas and Selander are DISMISSED WITHOUT PREJUDICE

A separate order follows.

Dated: May 17, 2018

*/s/ Richard D. Bennett*

Richard D. Bennett
United States District Judge

---

[7] Also pending is Defendants' Motion to Dismiss the Original Complaint. (ECF No. 9.) This motion is MOOT.